By the Court.
This proceeding, in error is prosecuted to reverse the judgment of the circuit court affirming the judgment of the common pleas court in overruling the motion of plaintiff in error to vacate judgment of dismissal theretofore entered in said cause.
It appears from the record that this cause was regularly set for trial June 6, 1911; that on said day the plaintiff did not appear, and on the next day, June 7, the court dismissed the action for want of prosecution at costs of plaintiff. Later a motion was filed to vacate this judgment of dismissal for the reason that counsel for plaintiff in error was not advised that the cause had been assigned for trial on June 6, 1911. It appears that counsel for plaintiff in error was a nonresident of Richland county and depended entirely upon the clerk of the courts to notify him when the cause would be assigned for trial, but it does not appear' that he had made any arrangement with the clerk to that effect.
*512 It further appears from the record that a former judgment in this case in favor of plaintiff in error had been reversed by the circuit court and remanded to the common pleas court for a new. trial. One of the reasons assigned by the circuit court for the reversal of this judgment was that “the court of common pleas érred in overruling the demurrer of defendants below.” No error was prosecuted to this judgment of reversal, and, therefore, the judgment of the circuit court in that behalf was final. That judgment was entered on the 25th of January, 1911. No effort was made by the plaintiff to amend this petition until June 7, 1911, after the cause had been dismissed for want of prosecution, when an amended petition was sent through the mails to counsel for defendant, requesting his consent to file the same. There having been a final adjudication on January 25, 1911, that the petition of the plaintiff did not state a cause of action, it thereupon became the duty of the plaintiff to file an amended petition within a reasonable time thereafter, and his failure to do this for almost five months was sufficient to authorize the trial court to dismiss the action for want of prosecution without reference to failure of plaintiff to appear on the day the cause was regularly assigned for trial.
It does not appear that counsel for defendant was in any wise responsible for the fact that nonresident counsel was not informed of the date fixed for the trial of this cause. Clearly counsel for plaintiff in error does not show that he exercised any diligence whatever to ascertain that fact, nor did he make any arrangements *513 with any one to advise him when this cause would be assigned for trial. Although he resided in another county, and was, therefore, not in position to know what was being done in the Richland county courts, it seems that he relied entirely upon the kindness of the clerk and the courtesy of opposing counsel to take care of his cause for him. During all this time he permitted this cause to encumber the docket of the Richland county court without making any effort whatever to file an amended petition or bring it to trial. He can not now be heard to complain that the court relieved its docket of a cause in which by the judgment of the circuit court the defendant was entitled to judgment upon the pleadings any day that he might request it. Upon the motion to vacate this judgment he does not offer to the court any amended petition showing that he has a cause of action against the defendant.
The judgment of the common pleas court dismissing this cause was not an abuse of discretion and the circuit court did not err in affirming that judgment.

Judgment affirmed.

Nichols, C. J., Shauck, Johnson, Donahue, Wan am aker, Newman and Wilkin, JJ., concur.